JOHN KNAPP, RELATOR, v. JOHN D. CASTLES, MUNICIPAL SUPERINTENDENT AND BUILDING INSPECTOR OF THE TOWN OF KEARNY, AND THE TOWN OF KEARNY, DEFENDANTS.

Argued May 5, 1931—Decided May 27, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the relator, *Maurice Grossman* (*Max L. Rosenstein*, of counsel).

For the defendants, *John H. Cooper*.

PER CURIAM.

This is a rule to show cause why a *mandamus* should not issue to the municipal superintendent and building inspector of the town of Kearny, and to the town of Kearny, requiring them to issue a permit to the relator for the erection of an ice dock and ice and coal office upon premises owned by the relator.

It appears that the relator made application December 4th, 1930, but was refused by the inspector, as relator seems to contend, because the inspector had been advised by the authorities of the town of Kearny not to grant it; the defendants on the other hand contending that it was refused because it was not accompanied by a "plot plan."

The depositions do not clearly show whether or not there was a plot plan filed with the building inspector with the application. The relator seems to say it was filed, and Mr. Castles, the building inspector, seems to say that it was not. In the depositions Mr. Castle admits in effect that he did not tell relator at the time that a plot plan was required, but he does say that he told relator "downstairs" that he should have a plot plan.

The defendants say that a plot plan is required by the ordinance. Whether that is so we cannot now determine with certainty, for while an ordinance seems to have been marked as an exhibit, it is not printed. There was some testimony, however, that seems to indicate that all applications for building permits shall be accompanied by plan showing the actual dimensions, &c., of the lot.

We think there is a showing sufficient for the award of an alternative writ.

Where, on application for *mandamus* it appears, as here, that there are fairly debatable questions involved, the Supreme Court will ordinarily issue an alternative writ, to the end that an issue may be made and the facts ascertained, and an opportunity for review in error. *Schnitzler* v. *New York Transportation Co.,* 76 *N. J. L.* 171.

An alternative writ will therefore be awarded.